IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ANA L. DIONICIO and ALEJANDRO M. WESAW, individually, and as a representative of a Class of Participants and Beneficiaries of the U.S. Bank 401(k) Savings Plan,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. Bancorp, the Board of Directors of U.S. Bancorp, and U.S. Bancorp's Benefits Administration Committee and U.S. Bancorp's Investment Committee,<br><br>Defendants. | Case No. 0:23-cv-00026-PJS-DLM |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO CERTIFY
FOR IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

# **TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................. 1

RELEVANT BACKGROUND ......................................................................................... 3

ARGUMENT ..................................................................................................................... 4

I.   Legal Standard ....................................................................................................... 4

II.  The Court Should Certify the Order for Interlocutory Review. ............................ 4

    A.   The Order Involves Controlling Questions of Law. ..................................... 4

    B.   There Are Substantial Grounds for a Difference of Opinion as to Whether Plaintiffs' "Fungibility" Allegations Are Sufficient to State an ERISA Claim. ............................................................................................ 6

    C.   Certifying the Order for Immediate Appeal Will Materially Advance the Termination of the Litigation Because It Could Dispense with Plaintiffs' Remaining Claims. ..................................................................... 11

CONCLUSION ................................................................................................................ 13

# **TABLE OF AUTHORITIES**

Page(s)

**FEDERAL CASES**

*Barrett v. O'Reilly Auto.*,
   No. 22-0311 (E.D. Mo. Aug. 12, 2022) ................................................................. 7, 8

*E.E.O.C. v. Allstate Ins. Co.*,
   No. 4:04-cv-01359-ERW, 2007 WL 38675 (E.D. Mo. Jan. 4, 2007) ......................... 11

*Emerson Elec. Co. v. Yeo*,
   No. 4:12-cv-1578-JAR, 2013 WL 440578 (E.D. Mo. Feb. 5, 2013) ....................... 5, 12

*England v. DENSO Int'l Am., Inc.*,
   No. 22-11129, 2013 WL 4851878 (E.D. Mich. July 28, 2023) .................................. 10

*Fritton v. Taylor*,
   No. 22-cv-00415, 2023 WL 5348834 (D. Minn. Aug. 21, 2023) ................................. 7

*Glick v. ThedaCare, Inc.*,
   No. 20-CV-1236-WCG-SCD, 2023 WL 9327209 (E.D. Wis. July 20,
   2023) ........................................................................................................................ 10

*Hughes v. Northwestern University*,
   63 F.4th 615 (7th Cir. 2023) ................................................................................. 4, 10

*In re Polaris Mktg., Sales Practices, & Prod. Liab. Litig.*,
   No. 18-CV-0939, 2020 WL 3530624 (D. Minn. June 30, 2020) ................................. 8

*In re Text Messaging Antitrust Litig.*,
   630 F.3d 622 (7th Cir. 2010) ...................................................................................... 6

*Kennedy v. St. Joseph's Ministries, Inc.*,
   657 F.3d 189 (4th Cir. 2011) .................................................................................... 12

*Krutchen v. Ricoh USA, Inc.*,
   Civ. No. 22-678, 2023 WL 3026705 (E.D. Pa. Apr. 20, 2023) ............................... 9, 10

*Laabs v. Faith Techs., Inc.*,
   No. 20-CV-1534-WCG-SCD, 2022 WL 17418358 (E.D. Wis. Nov. 9,
   2022) ...................................................................................................................... 9, 10

*Lacrosse v. Jack Henry*,
   No. 23-CV-05088-SRB, 2024 WL 1578899 (W.D. Mo. Apr. 10, 2024) ................ 8, 10

*Lard v. Marmon Holdings, Inc.*,
   No. 22-4332, 2023 WL 6198805 (N.D. Ill. Sept. 22, 2023) ................................... 9, 10

*Mateya v. Cook Grp.*,
   No. 22-01271, 2023 WL 4608536 (S.D. Ind. June 16, 2023) ..................................... 10

*Mator v. Wesco Distrib., Inc.*,
   No. 21-CV-00403-MJH, 2022 WL 3566108 (W.D. Pa. Aug. 18, 2022) ....................... 9

*Matousek v. MidAm. Energy Co.*,
   51 F.4th 274 (8th Cir. 2022) .............................................................................. 1, 5, 8

*Mazza v. Pactiv Evergreen Servs. Inc.*,
   No. 22-cv-5052, 2023 WL 3558156 (N.D. Ill. May 18, 2023) ..................................... 9

*Mazzocchio v. Cotter Corp.*,
   No. 4:22-CV-292-MTS, 2023 WL 7181676 (E.D. Mo. Nov. 1, 2023) ............... 4, 6, 11

*McDonald v. Lab'y Corp. of Am. Holdings*,
   No. 1:22-cv-680, 2023 WL 4850693 (M.D.N.C. July 28, 2023) ................................. 9

*Miller v. Packaging Corp. of Am., Inc*,
   No. 22-271, 2023 WL 2705818 (W.D. Mich. Mar. 30, 2023) ................................... 11

*Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.*,
   No. 10-4948, 2015 WL 4898662 (D. Minn. Aug. 17, 2015) ....................................... 5

*Nohara v. Prevea Clinic Inc.*,
   No. 20-CV-1079-WCG-SCD, 2023 WL 9327202 (E.D. Wis. July 21,
   2023) ........................................................................................................................ 10

*Probst v. Eli Lilly & Co.*,
   No. 22-cv-01106-JMS-MKK, 2023 WL 1782611 (S.D. Ind. Feb. 3,
   2023) .................................................................................................................... 9, 10

*Riley v. Olin*,
   No. 4:21-cv-01328-SRC, 2023 WL 371872 (E.D. Mo. Jan. 24, 2023) ........................ 7

*Romea v. Heiberger & Assocs.*,
   988 F. Supp. 715 (S.D.N.Y. 1998) ............................................................................ 13

*Ruilova v. Yale-New Haven Hosp., Inc.*,
   No. 3:22-cv-00111-MPS, 2023 WL 2301962 (D. Conn. Mar. 1, 2023) ....................... 9

*Saunders v. Ace Mortg. Funding, Inc.*,
  No. 05–1437, 2007 WL 2008677 (D. Minn. July 6, 2007) .......................................... 12

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
  No. 11–820 ADM/JSM, 2012 WL 5389674 (D. Minn. Nov. 2, 2012) ....................... 12

*Seibert v. Nokia of Am. Corp.*,
  Civ. No. 21-20478 (ES) (AME), 2023 WL 5035026 (D.N.J. Aug. 8,
  2023) ......................................................................................................................... 9

*Singh v. Deloitte LLP*,
  650 F. Supp. 3d 259 (S.D.N.Y. 2023)....................................................................... 11

*Singh v. Deloitte LLP*,
  No. 21-cv-8458 (JGK), 2023 WL 4350650 (S.D.N.Y. July 5, 2023)............................ 9

*Tolomeo v. R.R. Donnelley & Sons, Inc.*,
  No. 20-cv-7158, 2023 WL 3455301 (N.D. Ill. May 15, 2023)..................................... 9

*White v. Nix*,
  43 F.3d 374 (8th Cir. 1994) ......................................................................... 5, 9, 11, 12

*Williams v. Centene Corp.*,
  No. 22-00216, 2023 WL 2755544 (E.D. Mo. Mar. 31, 2023).................................. 7, 8

**FEDERAL STATUTES**

28 U.S.C. § 1292 ..................................................................................................... passim

29 U.S.C. § 1104 ................................................................................................................ 3

Defendants U.S. Bancorp, the Board of Directors of U.S. Bancorp, and U.S. Bancorp's Benefits Administration Committee and U.S. Bancorp's Investment Committee ("Defendants" or "U.S. Bank") move the Court to certify for immediate appeal, pursuant to 28 U.S.C. § 1292(b), its March 21, 2024 order granting in part and denying in part Defendants' motion to dismiss Plaintiffs' claims under the Employee Retirement Income Security Act ("ERISA").  Doc. 64 ("Order") at 1.

## INTRODUCTION

As the Court recognized in its Order, this case is one of many across the country asserting "similar allegations regarding excessive recordkeeping fees."  Order at 11.  To support such a claim, the Eighth Circuit requires plaintiffs to "identify similar plans offering the same services for less."  *Id*. at 7 (quoting *Matousek v. MidAm. Energy Co.*, 51 F.4th 274, 279 (8th Cir. 2022)).  But *Matousek* did not address one of the central issues in the Court's Order—whether allegations that all plans receive a "commoditized and fungible" set of recordkeeping and administrative services satisfy *Matousek*'s requirement that plaintiffs plausibly allege that the comparator plans received the "same services."  Order at 10-12.  On this issue, courts nationwide—including at least six courts within the Eighth Circuit—have come to directly opposite conclusions when faced with nearly identical allegations.  The Order is thus ripe for immediate appeal to the Eighth Circuit, as it satisfies 28 U.S.C. § 1292(b)'s requirements that the Order present "a controlling question of law" where "there is substantial ground for difference of opinion" and "immediate appeal from the order may materially advance the ultimate termination of the litigation."

*First*, the Court's decision involves a "controlling question of law."  If the Eighth Circuit determines that *Matousek* is not satisfied by allegations that all recordkeepers

provide a "commoditized and fungible" set of services with no impact on price, then Plaintiffs' recordkeeping claims will be dismissed and the litigation will terminate (because the Court previously dismissed the remaining claims in the Order). Resolution of that single issue has the potential to bring the present action to a close, which is the very definition of a "controlling" legal question. Further, the Order presents a "question of law" because the sufficiency of Plaintiffs' "fungibility" allegations is entirely a legal question invoking the Eighth Circuit's pleading standard for such claims, requiring no factual determinations and no resolution of other issues before appeal is ripe. It is thus a "controlling question of law" appropriate for certification.

*Second*, there is indisputably a "substantial ground for difference of opinion" on the sufficiency of Plaintiff's "fungibility" allegations that is best resolved with guidance from the Eighth Circuit. When presented with virtually identical claims, district courts both within the Eighth Circuit and elsewhere have reached opposite conclusions as to the sufficiency of those allegations. As the Court itself observed, the allegations in Plaintiffs' Amended Complaint closely resemble those in numerous other ERISA excessive fee cases where courts are "divided" and "no clear consensus has emerged." Order at 11-12.

*Third*, permitting the Eighth Circuit to address these controlling legal questions would materially advance the litigation and potentially end the lawsuit altogether. Absent such review, this case will proceed into lengthy and costly fact and expert discovery involving a putative class of more than 86,000 participants. *See* Doc. 28 (Amended Complaint ("AC")) ¶ 142. If Defendants are unable to pursue an immediate appeal of Plaintiffs' remaining claims, they will have no opportunity to seek the Eighth Circuit's guidance until the parties have expended extensive resources in discovery, in

2

motion practice, at class certification, and, potentially, at trial.  All of these efforts and resources, as well as the Court's time and resources, may be preserved by allowing Defendants to seek the Eighth Circuit's immediate review of the Court's motion to dismiss decision.  Indeed, given the number of cases presenting nearly identical allegations across the country (which will likely only grow), guidance from the Eighth Circuit in resolving this question now will significantly conserve the resources of courts and parties nationwide.

For these reasons and those discussed below, the Court should grant Defendants' motion.

## RELEVANT BACKGROUND

Plaintiffs' Amended Complaint alleges four causes of action under ERISA.  In Count I, Plaintiffs assert breach of fiduciary duty claims in violation of 29 U.S.C. § 1104(a)(1) arising from Defendants' alleged failure to appropriately monitor and control the recordkeeping and administrative fees of the U.S. Bank 401(k) Savings Plan ("Plan").  *See* AC ¶¶ 94-119, 153-163.  In Count II, Plaintiffs allege fiduciary breaches arising from Defendants' alleged failure to monitor and control the Plan's fees for managed account services.  *Id*. ¶¶ 164-173.  Plaintiffs also allege that Plan fiduciaries failed to properly monitor other fiduciaries to ensure they performed their duties related to recordkeeping and administrative fees (Count III) and managed account services fees (Count IV).  *Id*. ¶¶ 174-187.

The Court correctly dismissed Plaintiffs' claims related to the Plan's managed account services (Counts II and IV).  Order at 13-16.  However, the Court denied Defendants' motion regarding Plaintiffs' excessive recordkeeping claims (Counts I and

3

III). *Id.* at 3. In particular, the Court found that, while Plaintiffs did not allege any facts about the specific services provided to the Plan or Plaintiffs' comparator plans, the Amended Complaint sufficiently alleged, as a matter of law, that national recordkeepers provide the same set of "commoditized and fungible" services to large plans such that differences in services have no impact on fees. *Id*. at 10-11. While the Court noted that "no clear consensus has emerged" on the sufficiency of Plaintiffs' "fungibility" allegations, it followed courts finding such allegations sufficient to state a claim, including the Seventh Circuit in *Hughes v. Northwestern University*, 63 F.4th 615, 632 (7th Cir. 2023) ("*Hughes II*"). Order at 11-12.

## ARGUMENT

### I. Legal Standard

A district court has discretion to certify an order for interlocutory appeal under 28 U.S.C. § 1292(b). *See Mazzocchio v. Cotter Corp*., No. 4:22-CV-292-MTS, 2023 WL 7181676, at *1 (E.D. Mo. Nov. 1, 2023). Certification is warranted where (1) the decision being appealed "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion"; and (3) immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Here, all three factors are met, as discussed below.

### II. The Court Should Certify the Order for Interlocutory Review.

#### A. The Order Involves Controlling Questions of Law.

Whether an order represents a "controlling question of law" hinges on two questions. The first is whether the question is "controlling" of the litigation because its

4

resolution could "materially affect the outcome" of the action in the district court. *Emerson Elec. Co. v. Yeo*, No. 4:12-cv-1578-JAR, 2013 WL 440578, at *2 (E.D. Mo. Feb. 5, 2013) (quoting *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876 (E.D. Mich. 2012))). The second is whether the order presents a "question of law" that can be adequately addressed on immediate appeal as opposed to presenting factual issues that must be first resolved through the discretion of the trial court. *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994). Here, the Court's order satisfies both requirements.

*First*, the Order involves a "controlling" question because, if the Eighth Circuit concludes that Plaintiffs' "fungibility" allegations do not suffice to state a plausible claim, the litigation will end. Courts have found that when "reversal of the district court's order would terminate the action," an order is clearly "controlling" under § 1292(b). *Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.*, No. 10-4948 (JRT/TNL), 2015 WL 4898662, at *2 (D. Minn. Aug. 17, 2015) (quoting *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008)).

*Second*, Plaintiffs' "fungibility" allegations present "questions of law" under § 1292(b) because they involve the legal sufficiency of allegations under the pleading standards established by the Eighth Circuit in *Matousek*. The issue of applying the correct pleading standard raises questions of law that are distinct from a "matter for the discretion of the trial court," shown by the fact that, were certification and appeal granted, the Eighth Circuit would conduct a *de novo* review of Plaintiffs' allegations. *White*, 43 F.3d at 377 (citation omitted). The Court's Order presents "neither factfindings nor the application of a legal standard to factfindings," but purely "the

5

sufficiency of the allegations of a complaint" under the applicable legal standard, which courts have held are "questions of law" under § 1292(b). *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625 (7th Cir. 2010) (affirming district court's certification of the question whether dismissal of the complaint was appropriate under the Sherman Act). Accordingly, courts in the Eighth Circuit have certified orders denying of motions to dismiss where certifying the order could resolve dispositive questions of law. *See, e.g.*, *Mazzocchio*, 2023 WL 7181676, at *2 (finding certification of the order denying dismissal presented a "controlling question of law" regarding the appropriate standard to apply).[1]

### B. There Are Substantial Grounds for a Difference of Opinion as to Whether Plaintiffs' "Fungibility" Allegations Are Sufficient to State an ERISA Claim.

Substantial grounds for a difference of opinion exist regarding Plaintiffs' "fungibility" allegations. Although the Court found Plaintiffs' generalized allegations of commoditized services sufficient to state a plausible claim for fiduciary breach, the Order did not address four recent cases from district courts in the Eighth Circuit that

---

[1] The Order presents additional "questions of law" that would also benefit from immediate resolution by the Eighth Circuit. For instance, the Order found that Plaintiffs' comparison of fees based on "§ 404(a)(5) participant-disclosure forms" provided an apples-to-apples fee comparison as a matter of law. Order at 10. Yet three of Plaintiffs' seven comparators are *not* derived from § 404(a)(5) disclosures, but from a discovery stipulation filed by defendant Fidelity in a lawsuit alleging that the Fidelity plan paid excessive recordkeeping fees. *Compare* AC ¶ 63 (quoting Fidelity's stipulation stating that the per-participant "value" of its recordkeeping services went from $21 to $17 to $14 from 2014 to 2017), *with id*. ¶ 99 (comparator chart alleging the Fidelity plan paid $21, $17, and $14 to itself for recordkeeping services). Accordingly, nearly half of Plaintiffs' comparators involve fees that are *not*—by Plaintiffs' own admission—from § 404a-5 disclosures and do not reflect "fees" actually paid by or to Fidelity.

reached a directly opposite conclusion when confronting the same "fungibility" allegations. *See Fritton v. Taylor*, No. 22-cv-00415, 2023 WL 5348834, at *3 (D. Minn. Aug. 21, 2023) (rejecting allegations that the same "essential recordkeeping services [were] provided by all national recordkeepers for large plans" so that the "actual cost . . . remains almost constant" regardless of the "servicing the employer has elected"); *Williams v. Centene Corp.*, No. 22-00216, 2023 WL 2755544, at *5 (E.D. Mo. Mar. 31, 2023) (dismissing recordkeeping claim where complaint was "silent as to which recordkeeping services those eight other [comparator] plans received"); *Riley v. Olin*, No. 4:21-cv-01328-SRC, 2023 WL 371872, at *3 (E.D. Mo. Jan. 24, 2023) (rejecting "conclusory argument that 'recordkeepers in the marketplace offer the same range of services'" because they "fail to allege what specific services any of the plans provide"); Hearing Tr. at 35-36, *Barrett v. O'Reilly Auto.*, No. 22-03111 (E.D. Mo. June 16, 2023), ECF No. 77 (dismissing recordkeeping claims from the bench following oral argument), *appeal docketed*, No. 23-02501 (8th Cir. June 23, 2023).

As the underlying complaints in those actions make clear, the allegations dismissed in *Fritton*, *Riley*, *Williams*, and *Barrett* closely resemble those the Court found sufficient here— allegations that "all national recordkeepers" provide plans with the same "bundled" package of services "for one price" so that "[t]he services chosen by

7

a large plan do not affect the amount charged by recordkeeper for such basic and fungible services."[2]

Meanwhile, at least one other court in the Eighth Circuit recently found "fungibility" allegations sufficient under *Matousek*. *See Lacrosse v. Jack Henry*, No. 23-CV-05088-SRB, 2024 WL 1578899, at *3-4 (W.D. Mo. Apr. 10, 2024) (finding plausible allegations that "the RKA services provided by the major recordkeepers are materially identical" and that recordkeeping services "are essentially a commodity"). As these decisions from courts in this Circuit demonstrate, there are substantial grounds for a difference of opinion under 28 U.S.C. § 1292(b). *See In re Polaris Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 18-CV-0939 (WMW/DTS), 2020 WL 3530624, at *5 (D. Minn. June 30, 2020), *aff'd*, 9 F.4th 793 (8th Cir. 2021) ("[s]ubstantial grounds for a difference of opinion exist when there are 'a sufficient number of conflicting and contradictory opinions,'" including when "a difference of opinion exists within the

---

[2] Amended Compl. ¶¶ 67-68, *Fritton v. Taylor*, No. 22-00415 (D. Minn. Jan. 11, 2023), ECF No. 50. *See also* First Amended Compl. ¶¶ 77-78, *Williams v. Centene Corp.*, No. 22-00216 (E.D. Mo. May 20, 2022), ECF No. 28 (alleging "all national recordkeepers" provide the same "overall suite of recordkeeping services" and charge plans "one price . . . regardless of the services chosen or utilized by the plan"); First Amended Compl. ¶¶ 79-80, *Barrett v. O'Reilly Auto.*, No. 22-0311 (E.D. Mo. Aug. 12, 2022), ECF No. 24 (alleging "all national recordkeepers" provide the same "overall suite of recordkeeping services" and charge plans "one price . . . regardless of the services chosen or utilized by the plan"); (Proposed) First Amended Compl., ¶¶ 76, 87, *Riley v. Olin*, No. 21-01328, (E.D. Mo. July 18, 2022), ECF No. 33-1 (alleging "all recordkeepers . . . offer the same range of services" to large plans "at very little cost"). Such allegations—rejected in each case as insufficient under *Matousek*—are substantively identical to the allegations presented in the Amended Complaint here. *Cf.* AC ¶¶ 50, 58 (alleging the "RKA offerings are fungible among all recordkeepers who provide services to mega plans" and that "Bundled RKA services [are] a commodity with little variation in price").

controlling circuit") (quoting *White*, 43 F.3d at 377, and *Graham v. Hubbs Mach. & Mfg., Inc.*, 49 F. Supp. 3d 600, 612 (E.D. Mo. 2014)).

Further, courts outside the Eighth Circuit are similarly divided on the sufficiency of such claims. As the Order explains, "no clear consensus has emerged" as to the sufficiency of such allegations. Order at 11 (citing five opinions sustaining such allegations alongside two opinions dismissing such allegations).[3] Further, as the Court recognized, the cases cited in the Order are not exhaustive, but merely indicative of the broader "difference in opinion" in how courts view such allegations. Order at 11-12.[4]

---

[3] *Compare Seibert v. Nokia of Am. Corp.*, Civ. No. 21-20478 (ES) (AME), 2023 WL 5035026, at *7–9 (D.N.J. Aug. 8, 2023); *Tolomeo v. R.R. Donnelley & Sons, Inc.*, No. 20-cv-7158, 2023 WL 3455301, at *4–5 (N.D. Ill. May 15, 2023); *McDonald v. Lab'y Corp. of Am. Holdings*, No. 1:22-cv-680, 2023 WL 4850693, at *1, *5, *7 (M.D.N.C. July 28, 2023); *Ruilova v. Yale-New Haven Hosp., Inc.*, No. 3:22-cv-00111-MPS, 2023 WL 2301962, at *3, *17–18 (D. Conn. Mar. 1, 2023); *Mazza v. Pactiv Evergreen Servs. Inc.*, No. 22-cv-5052, 2023 WL 3558156, at *3–4 (N.D. Ill. May 18, 2023) *with Krutchen v. Ricoh USA, Inc.*, Civ. No. 22-678, 2023 WL 3026705, at *2 (E.D. Pa. Apr. 20, 2023), *appeal docketed*, No. 23-1928 (3d Cir. May 23, 2023); *Singh v. Deloitte LLP*, No. 21-cv-8458 (JGK), 2023 WL 4350650, at *4, *6 (S.D.N.Y. July 5, 2023), *appeal docketed*, No. 23-1108 (2d Cir. Aug. 3, 2023).

[4] *Compare Lard v. Marmon Holdings, Inc.*, No. 22-4332, 2023 WL 6198805, at *1, *4 (N.D. Ill. Sept. 22, 2023) (dismissing recordkeeping claims alleging all "recordkeeping services can be provided . . . at 'very little cost,'" such that "variations in the blend or manner that recordkeeping services are rendered has 'no material impact on the fees charged by recordkeepers to deliver those services'"); *Probst v. Eli Lilly & Co.*, No. 22-cv-01106-JMS-MKK, 2023 WL 1782611, at *10 (S.D. Ind. Feb. 3, 2023) (dismissing allegations that "all mega plans receive nearly identical recordkeeping services and that any difference in services was immaterial to the price of those services" as "wholly conclusory" because they "do nothing to identify what specific types of services comparator plans received relative to the Plan"); *Laabs v. Faith Techs., Inc.*, No. 20-CV-1534-WCG-SCD, 2022 WL 17418358, at *3 (E.D. Wis. Nov. 9, 2022) (dismissing allegations that defendant's plan "received a standard package of [recordkeeping] services"), *R. & R. adopted*, 2022 WL 17417583 (E.D. Wis. Dec. 5, 2022); *Mator v.*

9

And while the Court cited the Seventh Circuit's decision in *Hughes II* as supporting the plausibility of "fungibility" allegations, *see* Order at 11, even some courts in the Seventh Circuit bound by *Hughes II* nevertheless have dismissed similar allegations as insufficient to state a plausible claim. *See, e.g.*, *Mateya v. Cook Grp.*, No. 22-01271, 2023 WL 4608536, at *6-7 (S.D. Ind. June 16, 2023) (distinguishing *Hughes II* by acknowledging the totality of the plaintiffs' "factual averments" in *Hughes II*, including allegations of multiple recordkeepers, other plans that reduced expenses upon consolidating service providers, and decreased fees following plan restructuring).[5] Likewise, at least four district courts outside the Seventh Circuit have rejected "fungibility" allegations following the issuance of the *Hughes II* decision.[6]

---

*Wesco Distrib., Inc.*, No. 21-CV-00403-MJH, 2022 WL 3566108, at *4-5 (W.D. Pa. Aug. 18, 2022), *appeal filed*, No. 22-2552 (3d Cir. Aug. 23, 2022) (dismissing allegations that other recordkeepers "provided identical or similar services of the same quality" as insufficient to state a fiduciary breach claim), *with Lacrosse*, 2024 WL 1578899, at *3-4 (denying dismissal of recordkeeping claims alleging "services and service providers are irrelevant because recordkeeping services are commoditized and fungible"); *Nohara v. Prevea Clinic Inc.*, No. 20-CV-1079-WCG-SCD, 2023 WL 9327202, at *4 (E.D. Wis. July 21, 2023), *R. & R. adopted*, 2024 WL 233373 (E.D. Wis. Jan. 22, 2024) (denying dismissal of recordkeeping claims alleging there were "no material differences between the services offered" because "RKA fees are commoditized"); *Glick v. ThedaCare, Inc.*, No. 20-CV-1236-WCG-SCD, 2023 WL 9327209, at *4 (E.D. Wis. July 20, 2023), *R. & R. adopted*, 2024 WL 233370 (E.D. Wis. Jan. 22, 2024) (similar).

[5] *See also Lard*, 2023 WL 6198805, at *4; *Probst*, 2023 WL 1782611, at *9; *Laabs*, 2022 WL 17418358, at *3.

[6] *See Krutchen*, 2023 WL 3026705, at *2 (distinguishing the "price tag to price tag comparison" offered by plaintiffs from the more substantial allegations offered in *Hughes II*, including claims that the plan was "paying significantly higher fees than others for the same services, engaging multiple recordkeepers providing duplicative services, and retaining poorly performing investment options") (citations omitted); *see also England v. DENSO Int'l Am., Inc.*, No. 22-11129, 2013 WL 4851878, at *3 (E.D. Mich. July 28,

As this reckoning of recent cases demonstrates, there is a more than a "sufficient number of conflicting and contradictory opinions" supporting certification here. *See White*, 43 F.3d at 378 (citation omitted). The second certification factor is satisfied.

### C. Certifying the Order for Immediate Appeal Will Materially Advance the Termination of the Litigation Because It Could Dispense with Plaintiffs' Remaining Claims.

Finally, an immediate appeal will "materially advance the ultimate termination of the litigation" as required under § 1292(b). "[W]hen immediate appeal of the issue would allow for the potential termination of the matter," this factor is satisfied. *Mazzocchio*, 2023 WL 7181676, at *3 (certifying order denying motion to dismiss where resolution of the applicable standard of care would potentially end the action). Yet, even short of immediate termination, this factor "can properly turn on pragmatic considerations," including "where 'the decision of an interlocutory appeal might avoid protracted and expensive litigation,'" especially at the start of an action. *E.E.O.C. v. Allstate Ins. Co.*, No. 4:04-cv-01359-ERW, 2007 WL 38675, at *5 (E.D. Mo. Jan. 4, 2007) (quoting *U.S. ex rel. Hollander v. Clay*, 420 F. Supp. 853, 859 (D.D.C. 1976) (additional citation omitted)).

Here, a decision by the Eighth Circuit would potentially dispose of the remaining claims against Defendants and terminate the litigation. Otherwise, the case will proceed

---

2023) (rejecting as conclusory allegations that comparator plans received "nearly identical recordkeeping services and that any difference in services is immaterial to the price of those services"), *reconsideration denied*, 2024 WL 1832990 (E.D. Mich. Mar. 27, 2024), *appeal filed*, No. 24-1360 (6th Cir. Apr. 26, 2024); *Miller v. Packaging Corp. of Am., Inc*, No. 22-271, 2023 WL 2705818, at *7 (W.D. Mich. Mar. 30, 2023) (same); *Singh v. Deloitte LLP*, 650 F. Supp. 3d 259, 267 (S.D.N.Y. 2023) (same).

11

to fact, expert, and class discovery, class certification and summary judgment motion practice, and, potentially, trial, which will require expending significant resources by the parties and the Court alike.  The institutional efficiency of the federal court system is among the chief concerns underlying § 1292(b).  *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 196 (4th Cir. 2011) (observing that one of the purposes of § 1292(b) is to avoid "[r]epetitive hearings, followed by additional appeals, [which] waste judicial resources and place additional burdens on . . . district and appellate judges" (quoting *Doe v. Chao,* 511 F.3d 461, 465–66 (4th Cir. 2007)); *see also Emerson Elec. Co.*, 2013 WL 440578, at *4 (granting motion to certify because "an interlocutory appeal would promote judicial economy by settling these contested questions before—potentially needlessly—occupying the Court's and parties' time and attention.").

Here, by putting this appeal-worthy question of law before the Eighth Circuit at this early stage of the litigation, an expensive and time-consuming proceeding may be obviated.  At a minimum, interlocutory appeal may narrow the issues and, in turn, greatly reduce the time, cost, and burden to the parties and the Court in pursuing and adjudicating issues related to potentially far-reaching discovery.  *See, e.g.*, *Schwendimann v. Arkwright Advanced Coating, Inc.*, No. 11–820 ADM/JSM, 2012 WL 5389674, at *5 (D. Minn. Nov. 2, 2012) (granting motion and noting that an appeal "would dispose of [plaintiff's] claims before the parties engage in protracted and expensive litigation") (citing *White*, 43 F.3d at 376) (additional citation omitted); *Saunders v. Ace Mortg. Funding, Inc.*, No. 05–1437 (DWF/SRN), 2007 WL 2008677, at

\*3 (D. Minn. July 6, 2007) (granting motion to certify because "[i]f the Eighth Circuit rules in Defendants' favor," Defendants would "reduc[e] discovery and trial expenses").

Finally, resolution of this issue would find broad applicability within the Eighth Circuit and elsewhere, promoting the efficient resolution of numerous cases resting on the same allegations. *See Romea v. Heiberger & Assocs.*, 988 F. Supp. 715, 717 (S.D.N.Y. 1998) (certifying order for interlocutory appeal under § 1292(b) where issue raised had "broad applicability . . . of considerable importance"). As shown by the growing tide of divided opinions discussed above, *see supra* Section II.B, the number of courts addressing the sufficiency of nearly identical "fungibility" allegations is already significant and will undoubtedly rise. When viewed against this backdrop, certification would "materially advance" the potential termination of both this litigation and many like it. The third factor is therefore satisfied, and certification should be granted.

## CONCLUSION

The Order satisfies all three factors required under 28 U.S.C. § 1292(b). Accordingly, Defendants respectfully request that the Court certify the Order for immediate appeal to the Eighth Circuit.

| | |
|---|---|
| Date: May 10, 2024 | */s/ Melissa D. Hill* |
| | Melissa D. Hill (pro hac vice) |
| | Christopher Diffee (pro hac vice) |
| | Morgan, Lewis & Bockius LLP |
| | 101 Park Avenue |
| | New York, NY 10178 |
| | 212-309-6000 |
| | 212-309-6001 (fax) |
| | melissa.hill@morganlewis.com |
| | christopher.diffee@morganlewis.com |

Daniel J. Supalla (#0387064)
Maria S. Agostinho Campbell (#0401778)
Nilan Johnson Lewis PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
612-305-7500
612-305-7501 (fax)
dsupalla@nilanjohnson.com
MACampbell@nilanjohnson.com

*Attorneys for Defendants*

14

**CERTIFICATE OF WORD COUNT COMPLIANCE**

I, Melissa D. Hill, certify that Defendants' Memorandum of Law in Support of Their Motion to Certify for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) complies with the word limits in Local Rule 7.1(f) and with the type-size limit of Local Rule 7.1(h).

I further certify that, in preparation of this Memorandum, I used Microsoft Word, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations, in the following word count. I further certify that the aforementioned Memorandum contains 3,830 words.

Dated: May 10, 2024                 Respectfully submitted,

                                    By: /s/ Melissa D. Hill