UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANA L. DIONICIO and ALEJANDRO M. WESAW, individually, and as representatives of a Class of Participants and Beneficiaries of the U.S. Bank 401(k) Savings Plan,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANCORP, the BOARD OF DIRECTORS OF U.S. BANCORP, U.S. BANCORP'S BENEFITS ADMINISTRATION COMMITTEE, and U.S. BANCORP'S INVESTMENT COMMITTEE,<br><br>Defendants. | Case No. 23-CV-0026 (PJS/DLM)<br><br><br><br>ORDER |

Amy R. Mason, CUMMINS & BONESTROO; Paul M. Secunda, WALCHESKE & LUZI LLC, for plaintiffs.

Christopher M. Diffee and Melissa D. Hill, MORGAN, LEWIS, & BOCKIUS LLP; Daniel J. Supalla and Maria Campbell, NILAN JOHNSON LEWIS, for defendants.

Plaintiffs Ana Dionicio and Alejandro Wesaw brought this putative class action under the Employment Retirement Income Security Act of 1974 ("ERISA") against defendants (collectively, "U.S. Bank"). On March 21, 2024, the Court granted in part and denied in part U.S. Bank's motion to dismiss for failure to state a claim. ECF

No. 64.  The matter is now before the Court on U.S. Bank's motion to certify that denial-in-part for interlocutory appeal under 28 U.S.C. § 1292(b).  ECF No. 71.

To certify an order for interlocutory review, a court must "be of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."  *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

U.S. Bank has not come close to meeting its "heavy burden."  First, the applicable legal standard is not in dispute; U.S. Bank challenges only the "sufficiency of Plaintiff's 'fungibility' allegations" under settled law.  Defs.' Mem. 2, ECF No. 72.  In other words, U.S. Bank challenges this Court's application of settled legal standards to particular allegations found in a particular complaint.  Plainly, a challenge to the Court's determination of the plausibility of a claim does not implicate a "controlling question of law" for purposes of § 1292(b) certification.  *See Bennett v. Int'l Paper Co.*, No. 05-CV-0038 (PJS/RLE), 2009 WL 1955216, at *2 (D. Minn. July 6, 2009).  Otherwise, the denial of *any* motion to dismiss would create an "exceptional" case warranting immediate appeal.

-2-

Second, there is not a substantial ground for difference of opinion as to what legal standards are applicable to a motion to dismiss a duty-of-prudence claim because, again, the applicable standards are well-settled. *See, e.g.*, *Matousek v. MidAm. Energy Co.*, 51 F.4th 274 (8th Cir. 2022); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The fact that some courts have dismissed some ERISA cases complaining of excessive recordkeeping fees—while other courts have not—is unremarkable and speaks mainly to differences among the complaints, not to differences as to the applicable legal standards.

Third, certification would probably not materially advance the ultimate termination of the litigation. Even if the Eighth Circuit found the fungibility allegations in the complaint insufficient,[1] the litigation would likely begin anew, as this Court would either dismiss the complaint without prejudice or give plaintiffs leave to amend their complaint.

For these reasons, U.S. Bank has failed to establish that this is an "exceptional" case that warrants certification of an interlocutory appeal.

---

[1] It should be noted that the fungibility allegations were not the only—or even the primary—allegations that the Court considered in deciding that plaintiffs had stated a plausible claim for relief.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendants' motion to certify an interlocutory appeal [ECF No. 71] is DENIED.

Dated:  June 4, 2024                                   s/Patrick J. Schiltz
                                                                       Patrick J. Schiltz, Chief Judge
                                                                       United States District Court