# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ANA L. DIONICIO and ALEJANDRO
M. WESAW, individually, and as a
representative of a Class of
Participants and Beneficiaries of the
U.S. Bank 401(k) Savings Plan,

        Plaintiffs,

    v.

U.S. BANCORP, et al.,

        Defendants.

Civil Action No. 2:21-cv-0218

---

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

---

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................ ii

I.    INTRODUCTION ................................................................................. 1

II.   BACKGROUND .................................................................................. 3

  A.  THE PLAN AND THE PARTIES ........................................................ 3
  B.  PLAINTIFF'S CLAIMS .................................................................... 6
  C.  THE PROPOSED CLASS ................................................................. 6

III.  ARGUMENT ....................................................................................... 7

  A.  STANDARD FOR CLASS CERTIFICATION ........................................ 7
  B.  PLAINTIFF HAS STANDING TO PURSUE CLAIMS ON BEHALF OF THE CLASS.... 7
  C.  PLAINTIFF HAS ESTABLISHED A PRECISELY DEFINED,   ASCERTAINABLE
      CLASS......................................................................................... 10
  D.  THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF FED. R.
      CIV. P. 23(A) ............................................................................. 11
      1.  The Proposed Class Satisfies "Numerosity" Requirement of
          Rule 23(a)(1) ........................................................................ 12
      2.  The Class Satisfies the "Commonality" Requirement of
          Rule 23(a)(2) ........................................................................ 12
      3.  Plaintiffs' Claims Satisfy the "Typicality" Requirement of
          Rule 23(a)(3) ........................................................................ 14
      4.  Plaintiffs and their Counsel Satisfy the "Adequacy of Representation"
          Requirement of Rule 23(a)(4) ................................................ 15
  E.  PROPOSED CLASS COUNSEL MEET THE REQUIREMENTS OF RULE 23(G) ......... 22

IV.   CONCLUSION ................................................................................... 23

CERTIFICATE OF COMPLIANCE…………………………………………...25

CERTIFICATE OF SERVICE ....................................................................... 25

# TABLE OF AUTHORITIES

**Cases**

*Alpern v. UtiliCorp United, Inc.*,
  84 F.3d 1525 (8th Cir.1996)                                          15

*Amchem v. Windsor*,
  521 U.S. 591 (1997)                                               16, 19

*Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*,
  568 U.S. 455 (2013)                                                  11

*Braden v. Wal–Mart Stores, Inc.*,
  588 F.3d 585 (8th Cir.2009)                                       11, 12

*Brieger v. Tellabs, Inc.*,
  245 F.R.D. 345 (N.D.Ill.2007)                                         5

*Cavin v. Home Loan Ctr., Inc.*,
  236 F.R.D. 387 (N.D. Ill. 2006)                                      17

*Culver v. City of Milwaukee*,
  277 F.3d 908 (7th Cir. 2002)                                         17

*Cunningham v. Cornell Univ.*,
  2019 WL 275827 (S.D.N.Y. Jan. 22, 2019)                             20

*DiFelice v. U.S. Airways, Inc.*,
  235 F.R.D. 70 (E.D. Va. 2006)                                     16, 20

*Gen. Tel. Co. of the Sw. v. Falcon*,
  457 U.S. 147 (1982)                                               8, 12

*Hay v. Gucci Am., Inc.*,
  2018 WL 4815558 (D.N.J. Oct. 3, 2018)                                5

*In re Beacon Assocs. Litig.*,
  282 F.R.D. 315 (S.D.N.Y. 2012)                                      19

*In re Citigroup Pension Plan ERISA Litig.*,
   241 F.R.D. 172 (S.D.N.Y. 2006) ............................................................ 19

*In re Deepwater Horizon*,
   739 F.3d 790 (5th Cir. 2014) ................................................................... 13

*In re St. Jude Med., Inc.*,
   425 F.3d 1116 (8th Cir.2005) ..................................................................... 7

*In re Schering Plough Corp. ERISA Litig.*,
   589 F.3d 585 (3d Cir. 2009) ................................................... 2, 13, 18, 20

*In re: Schering-Plough Corp. Enhance ERISA Litig.*,
   2012 WL 1964451 (D.N.J. Dec. 16, 2012) .............................................. 1

*In re Target Corporation Customer Data Security Breach Litigation*,
   847 F.3d 608 (8th Cir. 2017) ............................................................ 17, 18

*Kanawi v. Bechtel Corp.*,
   254 F.R.D. 102 (N.D. Cal. 2008) ........................................................... 18

*Knight v. Lavine*,
   2013 WL 427880 (E.D. Va. Feb. 4, 2013) .............................................. 16

*Krueger v. Ameriprise Fin., Inc.*,
   304 F.R.D. 559 (D. Minn. 2014) ..................................................... *passim*

*Longo v. Trojan Horse Ltd.*,
   208 F. Supp. 3d 700 (E.D.N.C. 2016) .................................................... 20

*Leber v. Citigroup 401(k) Plan Inv. Comm.*,
   323 F.R.D. 145 (S.D.N.Y. 2017) ............................................................ 20

*Luiken v. Domino's Pizza, LLC*,
   705 F.3d 370 (8th Cir. 2013) ................................................................. 13

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) .................................................................................. 8

*Mass Mut. Life Ins. Co. v. Russell*,
   473 U.S. 134 (1985) .................................................................................. 6

*Mullen v. Treasure Chest Casino, LLC*,
   186 F.3d 620 (5th Cir. 1999)     13

*Murray v. New Cingular Wireless Servs.*,
   232 F.R.D. 295 (N.D. Ill. 2005)     17

*Neil v. Zell*,
   275 F.R.D. 256 (N.D. Ill. 2011)     1

*Paxton v. Union Nat'l Bank*,
   688 F.2d 552 (8th Cir.1982)     *passim*

*Rand v. Monsanto Co.*,
   926 F.2d 596 (7th Cir.1991)     17

*Rikos v. Procter & Gamble Co.*,
   799 F.3d 497 (6th Cir. 2015)     10

*Rozo v. Principal Life Ins. Co.*,
   2017 WL 2292834 (S.D. Iowa May 12, 2017)     *passim*

*Sandusky Wellness Ctr., LLC v. Medtox Scientific, Inc.*,
   821 F.3d 992 (8th Cir. 2016)     10

*Shanehchian v. Macy's, Inc.*,
   2011 WL 883659 (S.D. Ohio Mar. 10, 2011)     19

*Shapiro v. Midwest Rubber Reclaiming Co.*,
   626 F.2d 63 (8th Cir.1980)     7

*Sims v. BB&T Corp.*,
   2017 WL 3730552 (M.D.N.C. Aug. 28, 2017)     13

*Smith v. Aon Corp.*,
   238 F.R.D. 609 (N.D. Ill. 2006)     1, 13

*Soulek v. Costco Wholesale Corp. et al.*,
   Case No. 20-C-937, Dkt. 52 (E.D. Wis. Mar. 17, 2022)     16, 21

*Thomas v. FTS USA, LLC*,
   312 F.R.D. 407 (E.D. Va. 2016)     10

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)    *passim*

**Statutes**

29 U.S.C. § 1002(7)    4

29 U.S.C. § 1132(a)(2)    *passim*

29 U.S.C. §§ 1109(a)    6, 13, 15

**Rules**

Fed. R. Civ. P. 23(b)(1)(A), Adv. Comm. Note, 1966 amend.    19

Fed. R. Civ. P. 23(b)(1)(B) Adv. Comm. Note, 1966 amend.    19

Fed. R. Civ. P. 23(a)    *passim*

Fed. R. Civ. P. 23(a)(1)    12

Fed. R. Civ. P. 23(a)(2)    12, 14

Fed. R. Civ. P. 23(a)(3)    13, 16

Fed. R. Civ. P. 23(a)(4)    16

Rule 23(b)(1)    *passim*

Federal Rule of Civil Procedure 23(b)(1)(A)    19

Federal Rule of Civil Procedure 23(b)(1)(B)    19, 20

Federal Rule of Civil Procedure 23(b)(2)    19

Federal Rule of Civil Procedure 23(g)    19

**Constitutional Provisions**

Article III    1, 8

**Other Authorities**

C. Wright & A. Miller, Fed. Prac. & Proc. § 1764 (Supp.1982)                    14

Plaintiffs, Ana L. Dionicio and Alejandro M. Wesaw ("Plaintiffs"), respectfully submits this Memorandum of Law in support of their Motion for Class Certification.

## I.    INTRODUCTION

Plaintiffs assert representative claims on behalf of the U.S. Bank 401(k) Savings Plan ("Plan" or "U.S. Bank Plan") under Section 502(a)(2) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(2), for breaches of the fiduciary duties of prudence and to monitor surrounding excessive recordkeeping and administrative ("RKA") fees. Plaintiffs propose the following Class to certify:

> All participants and beneficiaries of the U.S. Bank 401(k) Savings Plan (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan) beginning January 5, 2017, and running through the date of judgment.

First Amended Complaint ("FAC"), Dkt. 28, ¶ 141.

This Court should certify the proposed Class because "ERISA class actions are commonly certified" under Rule 23 because ERISA breach of fiduciary duty claims are brought on behalf of the plan as a whole. *See Neil v. Zell*, 275 F.R.D. 256, 267 (N.D. Ill. 2011) (certifying similar class under Rule 23(b)(1); *see also Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 579 (D. Minn. 2014) (same); *In re: Schering-Plough Corp. Enhance ERISA Litig.*, 2012 WL 1964451 (D.N.J. Dec. 16, 2012) ("*Schering- Plough Enhance*") (same); *Smith v. Aon Corp*, 238 F.R.D. 609,

618 (N.D. Ill. 2006).

As an initial matter, Plaintiffs have constitutional standing under Article III to have their injuries to their Plan accounts redressed by the Court ordering excessive RKA fees to be returned to Plan participants. In addition to putting forth an ascertainable and well-defined class, Plaintiffs' claims satisfy the requirements of Federal Rules of Civil Procedure 23(a) and (b) because: (1) there are approximately 86,000 participants in the Plan (FAC, ¶ 142); (2) common issues abound because Defendants owed fiduciary duties to the Plan and took the actions and omissions alleged as the Plan and not as to any individual participant (*id.*, ¶ 143); (3) Plaintiffs' claims are typical to those of other Plan participants because Plaintiffs were participants during the time period at issue and all participants in the Plan were harmed by Defendants' fiduciary misconduct (*id.*, ¶ 144); and (4) Plaintiffs have retained experienced class counsel and are adequate to represent the interests of the class because they were participants in the Plan during the Class Period, have no interest that conflicts with the Class, and are committed to the vigorous representation of the Class. (*Id.*, ¶ 145). Certification is also warranted here under both subsections of Rule 23(b)(1) because recovery for a breach of the fiduciary duty owed to an ERISA plan will inure to the Plan as a whole and because Defendants-fiduciaries are entitled to consistent rulings regarding operation of the Plan. (*Id.*, ¶ 146). Finally, Plaintiff's counsel will vigorously prosecute this action and has the

necessary funds and resources to do so under Rule 23(g). (*Id.*, ¶ 148).

Thus, in light of the inherently representative nature of ERISA Section 502(a)(2) claims, breach of fiduciary duty cases are "paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class, as numerous courts have held." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009); *Aon Corp.,* 238 F.R.D. at 613 ("Class action suits are the preferred method of dealing with these cases because plan participants or beneficiaries may only bring action to remedy a breach of fiduciary duty in a representative capacity, on behalf of the plan itself."). This case is no exception. District courts within the Eighth Circuit have consistently approved class certification of claims under Rule 23(b)(1) challenging retirement plan fees and expenses. *See, e.g., Rozo v. Principal Life Ins. Co.,* 2017 WL 2292834 (S.D. Iowa May 12, 2017); *Krueger,* 304 F.R.D. at 579.

For the following reasons, this Court should certify this action as a class action under Federal Rule of Civil Procedure 23(b)(1)(A) and (B).

## II.    BACKGROUND

The facts of this action are recited in detail in the First Amended Complaint ("FAC") filed on April 4, 2023, (Dkt. 28). Accordingly, this Memorandum will only restate facts relevant to the present Motion found in the FAC.

### A.    The Plan and the Parties

Plaintiffs  are former employee of U.S. Bank and former participants in the

U.S. Bank Plan under 29 U.S.C. § 1002(7). (*See Declaration of Ana L. Dionicio in Support of Class Certification* ("Dionicio Decl."), ¶¶ 3-6; *Declaration of Alejandro M. Wesaw in Support of Class Certification* ("Wesaw Decl."), ¶¶ 3-6). During the proposed Class Period, like all participants in the Plan, Plaintiffs alleges that they paid excessive RKA fees for Plan RKA services. (FAC, ¶ 6). Moreover, U.S. Bank did not properly monitor the members of the Plan Committee who made these unlawful fiduciary decisions regarding the Plan RKA fees. (*Id.*, ¶ 8).

Under ERISA, Defendants, U.S. Bancorp ("U.S. Bank"), the Board of Directors of U.S. Bancorp ("Board"), the U.S. Bancorp's Benefits Administration Committee, and the U.S. Bancorp's Investment Committee ("Plan Committees") (collectively "Defendants"), were obligated to act prudently in selecting, monitoring, and retaining Plan RKA services and monitor Plan fiduciaries to ensure that the Plan's RKA fees were fair and reasonable. (*Id.*, ¶¶ 19, 95-97, 105-112). In this case and during the Class Period, U.S. Bank sponsored the Plan, and the Plan Committees and its members were fiduciaries to the Plan. (*Id.*, ¶ 37-39).

During the Class Period, with 86,195 participants in 2021, the Plan had more participants than 99.99% of the defined contribution Plans in the United States that filed 5500 forms for the 2021 Plan year. Similarly, with $9,869,704,841 in assets in 2021, the Plan had more assets than 99.99% of the defined contribution Plans in the United States that filed 5500 forms for the 2021 Plan year. (FAC, ¶ 41; Exhibit A –

Excerpts from U.S. Bank 2021 5500 Form). Massive plans, like the Plan here, have significant bargaining power in the marketplace for retirement plan services and the ability to demand low-cost administrative services, including RKA services. (FAC, ¶ 40); *see also Hay v. Gucci Am., Inc.*, 2018 WL 4815558, at *6 (D.N.J. Oct. 3, 2018) (noting importance of significant bargaining power to negotiate lower fees).

All of the conduct underlying Plaintiffs' claims was carried out at the Plan level, without distinction among Plan participants who all received RKA services from the Plan. *See Rozo v. Principal Life Ins. Co.*, 2017 WL 2292834, at *4 (S.D. Iowa May 12, 2017) ("Numerous courts have held that due to 'the derivative nature of ERISA § 502(a)(2) claims, breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class.") (quoting *In re Schering Plough Corp. ERISA Litigation*, 589 F.3d at 604 (collecting cases); *Brieger v. Tellabs, Inc.,* 245 F.R.D. 345, 350–55 (N.D. Ill. 2007) (holding that "plaintiffs' claims are typical of those of the putative class, principally because they seek relief on behalf of the Plan under for alleged fiduciary violations as to the Plan"). Accordingly, individual Plan participants are similarly (if not identically) situated with respect to the conduct underlying the claims at issue in this action. *See Krueger,* 304 F.R.D. at 573 (granting class certification in similar ERISA fiduciary action where "Plan participants [were] alleging breaches of the fiduciary duties Defendants owed to the Plan, [and] the class members are seeking

redress of similar grievances under the same legal and remedial theories.").

### B.    Plaintiffs' Claims

Plaintiffs allege that Defendants breached their fiduciary duty of prudence under 29 U.S.C. § 1104(a)(1)(B) alleges a breach of fiduciary duty by Defendants for incurring unreasonable Bundled RKA fees. (FAC, ¶ 6). Among other things, Defendants paid a 52% premium per-participant for Bundled RKA fees for the Plan to the Plan recordkeeper, Alight Solutions ("Alight"). (*Id.*) Defendants should have lowered its RKA expenses by soliciting bids from competing providers and using its massive size and correspondent bargaining power of the Plan to negotiate for fee rebates. (*Id.)* As a result, by retaining Alight as the U.S. Bank Plan recordkeeper and by continuing to pay excessive RKA fees, the Plan caused Plan participants to suffer losses (when accounting for compounding percentages/lost market investment opportunity) a total cumulative amount in excess of $7,320,224 in Bundled RKA fee from 2016 through 2021. (FAC, ¶ 111). All of Plaintiffs' claims, which are based on Defendants' conduct in managing and administering the Plan, and for which Plaintiff seeks to recover losses on behalf of the Plan, (FAC*,* ¶¶ 163, 180), are ideally suited for class treatment under Rule 23. *See Rozo*, 2017 WL 2292834, at *4.

### C.    The Proposed Class

ERISA authorizes plan participants to bring an action on behalf of a plan to enforce ERISA's fiduciary duties and remedial provisions and to recover all losses

to a plan caused by a breach of fiduciary duty. *See* 29 U.S.C. §§ 1109(a), 1132(a)(2).

Plaintiffs bring this action "in a representative capacity on behalf of the [P]lan as a

whole" to recover losses to the Plan caused by Defendants' breaches, and to obtain

equitable relief. *Mass Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985).

Plaintiff seeks certification of the following proposed Class in the First Amended

Complaint:

> All participants and beneficiaries of the U.S. Bank 401(k)
> Savings Plan (excluding the Defendants or any
> participant/beneficiary who is a fiduciary to the Plan) beginning
> January 5, 2017, and running through the date of judgment.

FAC, ¶ 141. Members of the Class can be readily identified through Plan participant

account records in the custody of Defendants and their recordkeeper, Alight.

## III.    ARGUMENT

### A.    Standards for Class Certification

A plaintiff seeking class certification "must affirmatively demonstrate her

compliance" with Federal Rule of Civil Procedure 23. *See Wal-Mart Stores, Inc. v.

Dukes*, 564 U.S. 338, 350 (2011). The Court has broad discretion in determining

whether class certification is appropriate, and "[t]his discretion extends to defining

the scope of the class." *See Shapiro v. Midwest Rubber Reclaiming Co.*, 626 F.2d

63, 71 (8th Cir.1980) (citations omitted). "To be certified as a class, plaintiffs must

meet all of the requirements of Rule 23(a) [of the Federal Rules of Civil Procedure]

and must satisfy one of three subsections of Rule 23(b)." *See In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir.2005) (citations omitted). Under Rule 23(a):

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1)    the class is so numerous that joinder of all members is impracticable;

(2)    there are questions of law or fact common to the class;

(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)*; Krueger*, 304 F.R.D. at 568.

While it is Plaintiff's burden to demonstrate compliance with Rule 23, the court "has an independent obligation to perform a 'rigorous analysis' to ensure that all of the prerequisites have been satisfied." *Krueger,* 304 F.R.D. at 568 (citing *Dukes*, 564 U.S. at 351). As Rule 23's criteria are often "enmeshed in the factual and legal issues comprising the plaintiff's cause of action," this analysis may entail some consideration of the merits of the underlying claims. *See Dukes*, 564 U.S. at 351 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (internal citation omitted)). However, "[m]erits questions may be considered . . . only to the extent . . . that they are relevant to determining whether the Rule 23 prerequisites for class

certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).

### B.    Plaintiff Has Standing to Pursue Claims on Behalf of the Plan

Prior to discussing the merits of Plaintiffs' motion for class certification, the Court should address standing. A demonstration of standing "requires a showing of 'injury in fact' to the plaintiff that is 'fairly traceable to the challenged action of the defendant,' and 'is likely [to] be redressed by a favorable decision.'" *See Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Here, Defendants have not yet contested Plaintiffs' Article III standing. Regardless, Plaintiffs unequivocally have standing to bring their claims. The "irreducible constitutional minimum of standing" requires a showing of "injury in fact" to a plaintiff that is "fairly traceable to the challenged action of the defendant," and "likely [to] be redressed by a favorable decision." *See Lujan,* 504 U.S. at 560-61. "Injury in fact" is an invasion of a legally cognizable right. *Id*.

Plaintiffs have Article III standing to bring this action on behalf of the Plan because they allegedly suffered actual injuries to their own Plan account as a result of paying excessive RKA Plan fees, those injuries are fairly traceable to Defendants' unlawful conduct in maintaining the Alight as the Plan recordkeeper without a prudent, effective fiduciary process, and the harm they suffered is likely to be

redressed by a favorable judgment. (FAC, ¶¶ 33-34); Dionicio Decl., ¶¶ 5, 6; Wesaw

Decl., ¶¶ 5, 6; *see also Braden*, 588 F.3d at 592 (finding that a plaintiff in proposed

ERISA class action had standing because he had alleged an injury to his own plan

account that was fairly traceable to, and redressable by, defendants). Thus, Plaintiffs

have standing to bring these class action claims.

### C.    Plaintiffs Have Established a Precisely Defined, Ascertainable Class

A court must make an initial determination before considering the criteria set

forth under Rule 23(a): that the class is "ascertainable" "by reference to objective

criteria," (here, U.S. Bank's records of enrollment in the U.S. Bank Plan). *See

Sandusky Wellness Ctr., LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 996–97 (8th

Cir. 2016) (quoting *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 525 (6th Cir.

2015)). Additionally, Rule 23(c)(1)(B) provides that "[a]n order that certifies a class

action must define the class and the class claims, issues, or defenses." Fed. R. Civ.

P. 23(c)(1)(B). *See Thomas v. FTS USA, LLC*, 312 F.R.D. 407, 416 (E.D. Va. 2016)

("The court should not certify a class unless the class description is sufficiently

definite so that it is administratively feasible for the court to determine whether a

particular individual is a member.").

Plaintiff has defined the class as "[a]ll participants and beneficiaries of the

U.S. Bank 401(k) Savings Plan (excluding the Defendants or any

participant/beneficiary who is a fiduciary to the Plan) beginning January 5, 2017,

and running through the date of judgment." (FAC, ¶ 141). Plaintiffs are former employees of U.S. Bank and former participants in the U.S. Bank Plan. (FAC, ¶¶ 27-32). Plaintiffs are therefore part of the Class that includes all those who paid excessive RKA fees during the Class Period. The members of this Class are readily ascertainable based on U.S. Bank's records of enrollment in the U.S. Bank Plan. The Court should therefore conclude that Plaintiffs have demonstrated the existence of a precisely defined class, and Plaintiffs are members of the Class they seek to represent.

**D.     The Proposed Class Satisfies the Requirements of Fed. R. Civ. P. 23(a)**

To be certified, a class must first satisfy the four basic prerequisites of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a). Here, the record before this Court establishes that the proposed class satisfies each of these requirements. The final three requirements of Rule 23(a) "tend to merge, with commonality and typicality 'serving as guideposts for determining whether ... maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. " *See Falcon,* 457 U.S. at 157 n. 13.

1.    The Proposed Class Satisfies "Numerosity" Requirement of
Rule 23(a)(1)

Rule 23(a)(1) calls for certification if "the class is so numerous that joinder of
all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiffs have satisfied the
numerosity requirement under Rule 23(a)(1). There are a number of relevant factors
pertaining to this inquiry, the most obvious factor being the size of the proposed
class. *See Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982). "In
addition . . ., the court may also consider the nature of the action, the size of the
individual claims, the inconvenience of trying individual suits, and any other factor
relevant to the practicability of joining all the putative class members." *See id.*

Here, Plaintiffs assert that the Plan had over 86,000 participants as of 2021
and that joinder of all of those participants is impracticable. (FAC, ¶ 142; Exhibit A
(2021 5500 Form)); *see also Rozo*, 2017 WL 2292834, at *3 ("[T]he proposed class
is so numerous that joinder of all members is impracticable. As of late March 2016,
40,999 ERISA plan participants had invested in the PFIO during the class period.").
Defendants cannot dispute that Plaintiffs have met the numerosity requirement. For
these reasons, the Court should find that Rule 23(a)(1) is satisfied.

2.    The Class Satisfies the "Commonality" Requirement of Rule
23(a)(2)

Under Rule 23(a)(2), the commonality requirement is satisfied where "there
are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In order

to satisfy the commonality requirement, the claims of all plaintiffs must depend upon a common contention, and they must all have suffered the same injury. *See Dukes*, 564 U.S. at 349; *see also Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 376 (8th Cir. 2013). But commonality "does not require that all, or even most issues be common" and "even a single common question will do." *Sims v. BB&T Corp.*, 2017 WL 3730552, at *2 (M.D.N.C. Aug. 28, 2017) (quoting *Dukes*, 564 U.S. at 359). The test is not demanding. *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999); *see also Aon Corp.,* 238 F.R.D. at 614 ("The commonality requirement is not difficult to meet. In fact, this requirement has been characterized as a low hurdle, easily surmounted."). Indeed, "even a single common question will do." *In re Deepwater Horizon*, 739 F.3d 790, 811 (5th Cir. 2014) (quoting *Dukes*, 564 U.S. at 350).

Here, the Court should find that there are numerous questions of law and fact common to the proposed Class, including principally whether Defendants violated their fiduciary duties under ERISA by failing to reduce the excessive RKA fees charged by Alight, resulting in a common injury to the members of the proposed Class. *See Krueger*, 304 F.R.D. at 572 ("[T]here are numerous questions of law or fact in this case that are capable of classwide resolution. For example, the questions of whether Defendants breached their fiduciary duties by causing the Plan . . . to pay excessive record-keeping fees, and whether the Plan suffered losses from those

breaches, are common to all Plan participants' claims and, therefore, will generate answers common to all of the putative class members."); *see also Rozo*, 2017 WL 2292834, at *3 ("When Principal made pricing decisions, it applied those decisions to the PFIO group as a whole—not to tens of thousands of plan participants on a person-by-person basis. Because of this, questions of law and fact are common throughout the proposed class, and Rule 23(a)(2) is satisfied."). Because an ERISA fiduciary breach claim is an action on behalf of a plan regarding duties owed at the plan level, "commonality is quite likely to be satisfied." *See In re Schering Plough Corp. ERISA Litig.*, 589 F.3d at 589. Thus, the second prong of Rule 23(a) is met.

### 3. Plaintiffs' Claims Satisfy the "Typicality" Requirement of Rule 23(a)(3)

Plaintiffs also must show the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). While the burden of demonstrating typicality is not "onerous," a party seeking class certification must show that "the representative is not alone in his or her dissatisfaction." *See Paxton*, 688 F.2d at 562. In other words, "Rule 23(a)(3) requires a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." *See id*. Thus, Rule 23(a)(3) "is generally considered to be satisfied 'if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory.'" *See id.* at 561–62 (quoting C. Wright & A. Miller, Fed. Prac. &

Proc. § 1764 n. 21.1 (Supp.1982)). This is true even if there are "[f]actual variations in the individual claims." *See Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996).

In this case, the Plaintiffs' claims and each Class member's claim are based on the same events and legal theory—a breach of the fiduciary duty of prudence stemming from the Defendants' alleged imprudent process for selecting, administering, and monitoring the Plan's fees for RKA services. *See Rozo,* 2017 WL 2292834, at *4 ("Rozo was a plan participant and experienced the same alleged injury as all other members of the proposed class. Rule 23(a)(3) is satisfied."). The same is true of the remedial theory—enforcement of the Defendants' obligations under section 1109(a) through section 1132(a)(2)—which is identical for the Plaintiffs and the Class members. *See Knight v. Lavine*, 2013 WL 427880, at *3 (E.D. Va. Feb. 4, 2013) ("The representative nature of a § 502(a)(2) suit makes it almost tautological that the named plaintiff's claim is typical of the rest of the class.") (citing *DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70 (E.D. Va. 2006)). Because resolution of Plaintiffs' claims will equally impact the claims of the proposed Class, the typicality requirement of Rule 23(a)(3) is satisfied.

    4.    <u>Plaintiff and her Counsel Satisfy the "Adequacy of Representation" Requirement of Rule 23(a)(4)</u>

Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a)(4). Rule 23(a)(4) focuses

on "whether the class representatives will vigorously prosecute the interests of the class through qualified counsel" and whether "the class representatives have common interests with the members of the class." *See Paxton*, 688 F.2d at 562–63. Thus, this inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

There can be no dispute in this case that Plaintiffs' attorneys are adequate class counsel. Plaintiffs have identified numerous ERISA actions in which their attorneys have acted as class counsel. *Declaration of Paul M. Secunda in Support of Plaintiff's Motion for Class Action Certification* ("Secunda Decl."), ¶¶ 5-22. Moreover, Walcheske & Luzi and Cummins & Bonestroo, the proposed Class Counsel, are sufficiently qualified and the Court should find so. *Id*. For its part, Walcheske & Luzi is recognized for being "experienced in complex [ERISA] litigation," and having the ability and resources to vigorously prosecute such actions. *See Soulek v. Costco Wholesale Corp. et al.*, Case No. 20-C-937, Dkt. 52 at 4 (E.D. Wis. Mar. 17, 2022); *see also* Secunda Decl., ¶¶ 5-21. Similarly, Cummins & Bonestroo has acted appropriately and professionally as local counsel, making sure that they stay abreast of all litigation developments and by providing Walcheske & Luzi with wise counsel based on their extensive experience in similar matters. *See* Secunda Decl., ¶ 22. Defendants are not able to

argue to the contrary. Accordingly, the Court should finds that Plaintiffs' attorneys are adequate class counsel.

Furthermore, Rule 23(a)(4) requires that a class representative be "sufficiently interested in the outcome to ensure vigorous advocacy." *See Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 394 (N.D. Ill. 2006). This does not require that the class representative control the litigation because "[r]ealistically, functionally, practically" class counsel "direct[s] and manage[s]" the suit. *See Culver v. City of Milwaukee*, 277 F.3d 908, 913 (7th Cir. 2002). Rather, the adequacy requirement places only a "modest" burden on a class representative to demonstrate "[a]n understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery." *Cavin*, 236 F.R.D. at 394; *see also Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991) (requiring only that "the named plaintiff must have some commitment to the case, so that the 'representative' in a class action is not a fictive concept."); *Murray v. New Cingular Wireless Servs.*, 232 F.R.D. 295, 300 (N.D. Ill. 2005) (describing the burden on the class representative as "not difficult").

The Court should find that Plaintiffs are adequate representatives of the Class as they suffered losses based upon the same alleged misconduct by Defendants that harmed the Class as a whole, and they understand their obligations as a Class Representative. *See* Dionicio Decl., ¶¶ 11, 12; Wesaw Decl., ¶¶ 11, 12. Their

interests are common to the other members of the Class, and they have demonstrated their intent to vigorously prosecute class interests through their participation in this suit (producing documents, cooperating with counsel, attending depositions, and responding to interrogatories). *See In re Target Corporation Customer Data Security Breach Litigation*, 847 F.3d 608, 613 (8th Cir. 2017) (citing *Paxton*, 688 F.3d at 562–63). Rule 23(a)(4) is therefore satisfied and Plaintiffs respectfully requests that Walcheske & Luzi and Cummins & Bonestroo should be appointed as Class counsel and that they be appointed as Class representatives.

### D.    Class May Be Properly Certified Under Both Subsections of Rule 23(b)(1)

In addition to satisfying the requirements of Rule 23(a), Plaintiffs must demonstrate that the proposed class falls within one of categories established by Federal Rule of Civil Procedure 23(b). *See Rozo,* 2017 WL 2292834, at *4. Here, Plaintiffs argue class certification is appropriate under Rule 23(b)(1)(A) or (B). (FAC, ¶ 146). Rule 23(b)(1) provides:

> A class action may be maintained if Rule 23(a) is satisfied and . . . prosecuting separate actions by or against individual class members would create risk of:
>
> > (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> >
> > (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual

> adjudications or would substantially impair or impede their
> ability to protect their interests[.]

Fed. R. Civ. P. 23(b)(1).

"Most ERISA class action cases are certified under Rule 23(b)(1)," and Plaintiffs believe that certification under either 23(b)(1)(A) or 23(b)(1)(B) is appropriate here. Numerous courts have held that due to "the derivative nature of ERISA § 502(a)(2) claims, breach of fiduciary duty claims brought under § 502(a)(2) are *paradigmatic examples* of claims appropriate for certification as a Rule 23(b)(1) class." *See In re Schering Plough*, 589 F.3d at 604 (emphasis added). "Rule 23(b)(1)(A) considers possible prejudice to a defendant, while 23(b)(1)(B) looks to prejudice to the proposed class members." *See Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 122 (N.D. Cal. 2008).

Rule 23(b)(1)(A) applies to "cases where the party is obligated by law to treat the members of the class alike[.]" *Amchem*, 521 U.S. at 614; *see also* Fed. R. Civ. P. 23, Adv. Comm. Note, 1966 amend., sub. (b)(1)(A) ("One person may have rights against, or be under duties toward, numerous persons constituting a class, and be so positioned that conflicting or varying adjudications in lawsuits with individual members of the class might establish incompatible standards to govern his conduct."). "The language of subdivision (b)(1)(A), addressing the risk of 'inconsistent adjudications,' speaks directly to ERISA suits, because the defendants have a statutory obligation, as well as a fiduciary responsibility, to 'treat the

members of the class alike.'" *See In re Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172, 179 (S.D.N.Y. 2006).

If the Class is not certified here, and adjudication proceeds on an individual basis, there is a very real risk of inconsistent judgments regarding U.S. Bank's compliance with ERISA fiduciary standards, as well as the amount of money to which plan participants are entitled. *See Shanehchian v. Macy's, Inc.*, 2011 WL 883659, at *9 (S.D. Ohio Mar. 10, 2011) ("[B]ecause the fiduciary duties are at issue in this case are owed to the Plans, thousands of separate individual actions could result in differing standards of duty, and thus, differing standards of conduct with respect to Defendants and the Plans, which would be an untenable outcome."); *see also In re Beacon Assocs. Litig.*, 282 F.R.D. 315, 342 (S.D.N.Y. 2012) (stating "individual actions [in an ERISA breach of fiduciary duty case] would pose a serious risk of disposing of the interests of non-parties.").

Many courts have also relied upon Rule 23(b)(1)(B) in certifying classes in analogous cases because it is particularly well-suited for cases alleging breaches of fiduciary obligations owed to retirement plans. Indeed, the Advisory Committee Notes to Rule 23 explicitly instruct that certification under Rule 23(b)(1)(B) is appropriate in "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore

the subject of the trust." Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment). Thus, certification under Rule 23(b)(1)(B) is also appropriate because Plaintiffs have brought their "claim[s] on behalf of the Plan and [sought] recovery to the Plan" because the resolution of the case would "as a practical matter, be dispositive of the interests of the other participants claims on behalf of the Plan." *See Longo v. Trojan Horse Ltd.*, 208 F. Supp. 3d 700, 711-712 (E.D.N.C. 2016). At bottom, because "[P]laintiffs' allegations are brought with respect to breaches of fiduciary duties to the Plan[] as a whole, [D]efendants' duties rise and fall with all plaintiffs." *See Cunningham v. Cornell Univ.*, 2019 WL 275827, at *8 (S.D.N.Y. Jan. 22, 2019); *see also Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 165 (S.D.N.Y. 2017) (same). In short, these claims are textbook circumstances for certification under both Rule 23(b)(1)(A) and Rule 23(b)(1)(B).

It is therefore not surprising that many courts have held that ERISA fiduciary breach claims are appropriate for Rule 23(b)(1) certification. *See, e.g., In re Schering Plough Corp. ERISA Litig.*, 589 F.3d at 604 ("In light of the derivative nature of ERISA § 502(a)(2) claims, breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class."); *DiFelice*, 235 F.R.D. at 80 ("Alleged breaches by a fiduciary to a large class of beneficiaries present an especially appropriate instance for treatment under Rule 23(b)(1).... [G]iven the derivative nature of suits brought

pursuant to § 502(a)(2) on behalf of the Plan, ERISA litigation of this nature presents a paradigmatic example of a (b)(1) class.").

For the above reasons, the Court should finds that the requirements for certification have been satisfied and that certification under Rule 23(b)(1)(A) or (B) is appropriate.

### E.    Proposed Class Counsel Meet the Requirements of Rule 23(g)

Related to the adequacy of representation inquiry under Rule 23(a)(4), in appointing counsel for the proposed class, the Court must consider the factors enumerated in Rule 23(g)(1)(A):

> (i) the work counsel has done in identifying or investigating potential claims in this action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

Walcheske & Luzi and Cummins & Bonestroo are exceedingly qualified under these factors, and this Court should appoint Plaintiffs' counsel as Class Counsel in this case. To date, Walcheske & Luzi has leveraged its experience and resources to vigorously pursue this litigation and protect the interests of all members of the Class. First, Walcheske & Luzi has done significant work identifying and investigating the claims in this action and began its investigation of Plaintiffs' claims several months before filing suit and that work has continued during the almost two year pendency of this case. *See* Secunda Decl., ¶ 2. This

work included investigating the claims and analyzing significant data. *Id.* In addition, Walcheske & Luzi, with the assistance of Plaintiffs, has drafted and filed detailed pleadings, briefed motions, and engaged all parties in the discovery process to date, all of which enabled the parties to candidly discuss the claims, defenses, and potential losses at issue in the Action. *Id.*, ¶ 3.

Second, both Walcheske & Luzi and Cummins & Bonestroo have significant experience handling ERISA and other types of class actions matters and have knowledge of the applicable law. *See id.,* ¶¶ 8-10, 19-22; *see also Soulek*, Dkt. 52, at 4. Finally, Walcheske & Luzi and Cummins & Bonestroo have and will commit the necessary resources to pursue the best outcome for the proposed Class. Secunda Decl., ¶¶ 21-22. Accordingly, this Court should appoint Walcheske & Luzi and Cummins & Bonestroo as Class Counsel.

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully requests that the Court certify this action as a class action under Fed. R. Civ. P. 23(a) and (b)(1), appoint Plaintiffs as representatives of the certified Class, and appoint Walcheske & Luzi and Cummins & Bonestroo as Class Counsel for the certified Class.

Date: December 10, 2024

Respectfully submitted,

**WALCHESKE & LUZI, LLC**

***/s/ Paul M. Secunda***

Paul M. Secunda (admitted *pro hac vice*)
235 N. Executive Dr., Suite 240
Brookfield, Wisconsin 53005
Telephone: (414) 828-2372
Fax: (262) 565-6469
psecunda@walcheskeluzi.com

**CUMMINS & BONESTROO**

Amy R. Mason
363 5th Avenue North
200 Professional Bldg
Bayport, MN 55003
Telephone: (612) 306-3808
Email: amason@cblawoffices.com

*Attorneys for Plaintiffs and Proposed Class*

## CERTIFICATE OF COMPLIANCE

This Memorandum of Law complies with the limits in LR 7.1(f) and with the type-size limit of LR 7.1(h).  This Memorandum contains 6,581 words, calculated with the word-processing software word count function to include all text (including headings, footnotes, and quotations). The word-processing software that was used to generate the word count was Microsoft Word for Mac, Version 16.91.

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2024, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

*/s/Paul M. Secunda*
Paul M. Secunda